**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Darryl Quan Travis Damond Wilson, Appellant.

Appellate Case No. 2019-001551

———————

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-217
Submitted April 1, 2022 – Filed May 18, 2022

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————

**PER CURIAM:** Darryl Quan Travis Damond Wilson appeals his conviction for homicide by child abuse and sentence of forty years' imprisonment. On appeal,

Wilson argues the trial court erred in admitting two jail recordings wherein he made statements about his deceased daughter.

We hold the recordings were relevant to establish Wilson's attitude toward his daughter and could have assisted the jury in determining whether Wilson's acts were deliberate. Therefore, the trial court did not err in admitting the recordings. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Alexander*, 303 S.C. 377, 380, 401 S.E.2d 146, 148 (1991) ("Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears."); Rule 401, SCRE (defining relevant evidence); Rule 403, SCRE ("[R]elevant . . . evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); S.C. Code Ann. § 16-3-85(A)(1) (2015) (stating an individual is guilty of homicide by child abuse if that individual "causes the death of a child under the age of eleven while committing child abuse or neglect, and the death occurs under circumstances manifesting an extreme indifference to human life"); § 16-3-85(B)(1) ("Child abuse or neglect" is defined as "an act or omission by any person which causes harm to the child's physical health or welfare."); *State v. Jarrell*, 350 S.C. 90, 98, 564 S.E.2d 362, 367 (Ct. App. 2002) ("[I]n the context of homicide by abuse statutes, extreme indifference is a mental state akin to intent characterized by a deliberate act culminating in death."); *State v. Phillips*, 411 S.C. 124, 135, 767 S.E.2d 444, 449 (Ct. App. 2014), *aff'd as modified*, 416 S.C. 184, 785 S.E.2d 448 (2016) ("Subsection 16-3-85(A)(1) does not require the State to prove a defendant acted with the intent to harm in order to prove extreme indifference."); *id.* ("Instead, the State must prove the defendant performed a deliberate act that he or she knew would create a risk of death to the child."); *State v. Hepburn*, 406 S.C. 416, 442, 753 S.E.2d 402, 415 (2013) ("Homicide by child abuse cases are difficult to prove because often the only witnesses are the perpetrators of the crime.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**